Luther CHALK and Auther A.
Hull, Plaintiffs,

v.

J. W. ELLIOTT, Defendant.

Civ. A. No. CA–6–76–29.

United States District Court,
N. D. Texas,
San Angelo Division.

April 21, 1978.

Bradley C. Miles, San Angelo, for plaintiffs.

George S. Finley, San Angelo, for defendant.

MEMORANDUM

WOODWARD, Chief Judge.

The court has received and considered additional briefs from both parties regarding defendant-Elliott's motion to dismiss filed November 8, 1976. Although the court entered an order on December 7, 1976 in which the above motion to dismiss was to be carried along with the trial of this case on its merits, after carefully reviewing the recent United States Supreme Court decision of *Stump, et al. v. Linda Kay Sparkman, et al.,* —— U.S. ——, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), and the subsequent additional briefing both in support of and in opposition to defendant's motion to dismiss, the court hereby ORDERS that defendant's motion is GRANTED and the above-styled cause is hereby DISMISSED

Construing the defendant judge's jurisdiction broadly as required by *Bradley v. Fisher,* 80 U.S. 335, 13 Wall. 335, 352, 20 L.Ed. 646 (1872), in determining the issue of judicial immunity, it is the court's opinion that at the time defendant-Elliott took the challenged action, he had jurisdiction over the subject matter before him. Article 667–6, *Vernon's Annotated Penal Code of Texas* provides specific statutory authorization to county judges to set for hearing all petitions for liquor licenses which have been filed with the court and thereupon determine whether the license petition should be granted.

Plaintiffs argue that even if Judge Elliott had jurisdiction to consider the liquor license application in question, he still is not entitled to judicial immunity because his denial of the application was not a "judicial act" but rather a ministerial act, and a judge is absolutely immune only for acts performed in his "judicial" capacity. In its ruling, however, the Supreme Court in *Stump* apparently did not find relevant the characterization of a judge's jurisdiction as administrative or judicial with regard to the issue of whether a judge has the requisite subject matter jurisdiction upon which judicial immunity must hinge, for in *Stump,* the petition proceeding before the judge was classified under Indiana law as administrative. *Stump, supra,* at 1107.

**66**

The Supreme Court in *Stump* noted that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity." *Stump, supra*, at 1107. Here, both factors indicate that defendant-Elliott's denial of the license application was a judicial act. Defendant-Elliott's function in entertaining and acting on plaintiffs' application is the function that a county judge normally performs under Texas law. Further, by admission of the plaintiffs in their First Amended Original Complaint, defendant-Elliott was at all times "pertinent to this proceeding an officer of and acting under color of authority conferred upon him by the laws of the State of Texas, and/or he was purporting to act thereunder or in excess thereof."

It is well established that "a judge will not be deprived of immunity because the action he took was in error, done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Bradley, supra*, at 351. Defendant-Elliott clearly was vested under Texas law with the power to entertain and act upon plaintiffs' license application. Therefore, the defendant is immune from damages for liability even if he acted arbitrarily, out of prejudice, or based upon ex parte conferences. *Stump, supra*, 1108 fn. 12.

In view of the court's Memorandum and Judgment, the above-styled cause is hereby removed from the trial docket.